# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:97-CR-00088-PMP-RJJ |
| Plaintiff, | **ORDER** |
| vs. | |
| RICHARD LEE TRIMMER, | |
| Defendant. | |

On December 23, 2011, the Court received the attached Risk Assessment Review Report dated November 30, 2011 from the United States Department of Justice, Federal Bureau of Prisons, United States Medical Center for Federal Prisoners at Springfield, Missouri. The report of the Risk Assessment Panel is self-explanatory and concludes that because Defendant Trimmer, "presently manifests a major mental illness and is in need of continued in-patient psychiatric treatment," and that he, "poses a substantial risk to others or to the property of others due to his mental illness," the Panel recommends he continue to be hospitalized under Title 18, U.S.C. §4243. The Court concurs in the recommendation of the Risk Assessment Review Panel and based thereon,

///

///

**IT IS ORDERED** that Defendant Richard Trimmer continue to be hospitalized under Title 18, U.S.C. §4243 until it is determined that he is no longer in need of continued in-patient psychiatric treatment and that he does not pose a substantial risk to others or to the property of others due to his mental illness.

**IT IS FURTHER ORDERED** that counsel for Plaintiff United States and for Defendant Trimmer shall have thirty (30) days from the date of this Order within which to request review of this Order or for such other relief as counsel may deem appropriate.

**IT IS FURTHER ORDERED that** if counsel for Plaintiff United States or Defendant wish to raise additional issues concerning the Risk Assessment Review Report of December 6, 2010, they shall do so within 21 days from the date of this Order.

DATED: December 27, 2011.

_____
PHILIP M. PRO
United States District Judge



**U.S. Department of Justice**
Federal Bureau of Prisons

U.S. Medical Center for Federal Prisoners
1900 W. Sunshine Street

Office of the Warden

Springfield, Missouri 65807

December 15, 2011

The Honorable Philip M. Pro
United States District Court
District of Nevada
Lloyd D. George U. S. Courthouse
333 Las Vegas Boulevard, South – First Floor
Las Vegas, NV  89101-7065

**RE: TRIMMER, Richard**
  **Reg. No. 31858-048**
  **Case No. 2:97-CR-088-PMP(RJJ)**

Dear Judge Pro:

   I am writing to update the Court on the case of Richard Trimmer, who was originally committed to the custody of the Attorney General pursuant to Title 18, U.S. Code, Section 4243, by your order on December 24, 1998.  He has subsequently been conditionally released on four separate occasions, with the last conditional release order dated October 25, 2007.  Mr. Trimmer violated the conditions of his conditional release and another revocation court order was issued dated January 29, 2008.

   The statute mandates treatment in a suitable facility until a state assumes responsibility for custody, care, and treatment, or the person's mental condition improves to such an extent that under certain conditions, his release from confinement would no longer create a substantial risk of bodily injury to others.  Finally, the statute requires that periodic reports must be submitted to the Court concerning the need for continued hospitalization.

   On November 30, 2011, a Risk Assessment Review Panel convened to review Mr. Trimmer's current mental status and assess his risk of dangerousness to others or to their property due to his mental health condition.  A copy of the panel's report is attached for your review and consideration.

   Please advise us if we can be of further assistance to the Court.

                                                            Sincerely,

                                                            Juan D. Castillo
                                                            Warden

Attachment   Copy of Risk Assessment Review Report  (11-30-2011)

cc/enc   Assistant U.S. Attorney, District of Nevada   (PLEASE FORWARD)
         Assistant Federal Public Defender, District of Nevada   (PLEASE FORWARD)

# RISK ASSESSMENT REVIEW REPORT

**Trimmer, Richard**          Reg. No. 31858-048          **November 30, 2011**

A Risk Assessment Review Panel convened to review the case of Richard Trimmer. The Panel consisted of Randy Brandt, Ph.D., Chief of Psychology and Panel Chairperson; Robert Sarrazin, M.D., Chief of Psychiatry; and Angie Conover, LCSW, Clinical Social Worker. Mr. Trimmer is currently committed to the U.S. Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, under provision of Title 18, U.S. Code, Section 4243. Mr. Trimmer is a conditional release violator. On October 25, 2007, his court of jurisdiction granted a conditional release. On November 19, 2007, he was released to the Las Vegas Community Correction Center. On November 26, 2007, a petition for a warrant for Mr. Trimmer's arrest was issued alleging that he had violated his conditional release. Mr. Trimmer was subsequently returned to the U.S. Medical Center for Federal Prisoners (USMCFP) for continued in-patient psychiatric treatment. Mr. Trimmer received previous Risk Assessment on December 06, 2010. At that time, the panel concluded that Mr. Trimmer manifested a major mental illness and posed a substantial risk to others, or the property of others, due to his mental illness.

The Risk Assessment Panel considered a variety of factors relevant to their predictive effort. These factors are divided into two broad categories of historic and treatment issues. Historic issues concern static personal characteristics and previously exhibited behaviors, which are relevant to Mr. Trimmer's overall level of risk. Treatment issues concern characteristics, which are deemed amenable to change over time and through various treatment modalities.

## HISTORIC CONSIDERATIONS

### PRIOR PSYCHIATRIC HISTORY:

Mr. Trimmer has an extensive history of psychiatric treatment. He reportedly was diagnosed with bipolar disorder at age 22. He reported at least 18 previous inpatient hospitalizations in California, Washington, Nevada, Arizona, and New Mexico. He also reportedly has a history of thyroid problems. Mr. Trimmer's records indicate grandiose and persecutory delusions during manic episodes. Records also indicated he has over 20 attempts at suicide. Mr. Trimmer's mental illness has been characterized by manic episodes, during which most of his illegal and threatening behaviors have occurred. Mr. Trimmer has a history of becoming agitated, threatening, and assaultive during acute manic episodes and often voices delusional beliefs. Many of his prior hospitalizations have been involuntary. He appears to respond favorably to

psychotropic medication when he is medication compliant. Mr. Trimmer also has a significant history of alcohol, cocaine, methamphetamine, and marijuana abuse.

Mr. Trimmer has been treated at USMCFP Springfield beginning in 1997 after being found not guilty by reason of insanity for the charge of threats to the president. He was prescribed lithium carbonate and valproic acid. During April 1999 he decompensated and required being placed in restraints. He eventually was placed on an open unit. During October 1999, he was described as cooperative, agreeable, and demonstrating good insight into his mental illness. He received five incident reports for acting out behavior during that hospitalization. He has been conditionally released on two prior occasions. However, his releases have been terminated due to his inability to adjust to community living. When Mr. Trimmer is medication compliant, his mental illness is reasonably controlled. Mr. Trimmer has also been hospitalized at FMC Rochester prior to his most recent conditional release. During that hospitalization he was given diagnoses of bipolar I disorder, most recent episode manic, in remission; cannabis abuse; cocaine abuse; amphetamine abuse; and alcohol abuse.

## ANTISOCIAL BEHAVIOR:

Mr. Trimmer's legal history began at the age of 23 when he was arrested and incarcerated in Nevada for joy riding and petty theft. In 1994 he was charged with tampering with a vehicle. During that same year he was charged with burglary and theft and received a three-month jail sentence. In 1995, he was charged with grand larceny, bomb threat, and burglary. In August 1996, he mailed a letter to President Clinton threatening to kidnap and kill his family. In September 1996 he mailed a second letter to President Clinton threatening his life. In November 1997 he was found not guilty by reason of insanity for threats to the president and committed under Title 18, USC, Section 4243. He arrived at USMCFP Springfield in December 1997. While at USMCFP Springfield he received several incident reports for refusing to obey an order, threatening bodily harm, using phone or mail without authorization, and assault without serious injury.

## TREATMENT REVIEW

### CURRENT HOSPITAL COURSE:

Mr. Trimmer was admitted to the In-Patient Psychiatric Treatment Unit on February 28, 2008. During his initial psychological interview he stated that he drank alcohol and walked away from the half-way house. He was oriented to time, place and person. He acknowledged experiencing auditory hallucination "sometimes". He denied visual or olfactory hallucinations. He denied having any desire or intent of self-harm he did not display any significant paranoid or homicidal ideation. His speech was somewhat

**Sensitive But Unclassified**

rapid the examiner noted he had a wound on his forehead. Mr. Trimmer stated while he was in Las Vegas, Nevada he was on his knees by his bed and fell forward on purpose striking his head against the floor. He denied that this was a suicide attempt. He stated that he was not presently taking psychotropic medication and had not been taking his medication for about 8 weeks. His hygiene was adequate. His mood was relatively stable. His judgment was adequate at the time of his admission but it was noted that he has a significant history of impulsive acting out behavior. During his initial hospitalization he was placed on a locked unit for a period of observation. Mr. Trimmer stated he would prefer not to take psychotropic medication. He was encouraged to reconsider his decision as his mental status significantly deteriorates when he is not taking psychotropic medication on a consistent basis.

During his third year of treatment, Mr. Trimmer lived on a locked unit. His clinical treatment team had encouraged him to move to a less secure unit on numerous occasions. Mr. Trimmer would initially agree, but would refuse when it came time to move and stated he wants to remain on a locked unit. During that year he reported consistently that he was experiences auditory hallucinations. His medication had been adjusted on several occasions in an attempt to decrease his symptoms.

During the past reporting period, Mr. Trimmer has lived on a locked unit and consistently stated that he experiences auditory hallucinations. If allowed he will refrain from speaking to treatment staff while making rounds and merely say he is, "Ok." If engaged in lengthy conversation he can become paranoid and confused. He has stated that he would like to return to Carson City, NV, but has not been opened minded to the request to move to a less restrictive unit. Mr. Trimmer has not utilized outdoor recreation. He stated he does take showers on a regular basis. At the present time, his mood is relatively stable. He maintains good personal hygiene, but has stated he should groom his beard that is several inches long which increase his perceived age.

At the present time, Mr. Trimmer is prescribed haloperidol lactate, give 20mg by mouth each morning at 1000; ziprasidone 80mg, take one capsule by mouth daily at 1000 and 2100; haloperidol decanoate 100mg, inject intramuscularly every four weeks; and benztropine 2mg, take one tablet by mouth at 1000 for EPS. The majority of the last reporting period, Mr. Trimmer has maintained medication compliance. During the first part of the evaluation period he refused to take the Mirtazapine, and once in October of 2011 he refused to take Ziprasidone. On six occasions throughout the evaluation period he refused to comply with requests for laboratory specimens.

## DIAGNOSTIC IMPRESSIONS:

AXIS I:   Bipolar I disorder
          Polysubstance abuse, by history
AXIS II:  Antisocial personality disorder
AXIS III: None
AXIS IV:  Incarceration
AXIS V:   GAF = 45

## INTERVIEW IMPRESSIONS:

Mr. Trimmer refused the option of being taken out of his single man cell for the panel interview. He stated, "What's the point, I am never getting out." The panel asked Mr. Trimmer at his cell door what kind of progress have you made, and he responded, "None." When asked, "How can we help you," he did not respond. The panel reviewed his significant history of psychiatric treatment, prior hospital courses, history of threatening behavior, and his present mental status. His mood was relatively stable during the interview. During the interview, he did not become frustrated, but refused to participate.

## COMMUNITY IMPRESSIONS AND RESOURCES:

Social Work Staff will continue to seek appropriate state and community placement. Mr. Trimmer will likely be eligible for public assistance at the time he is recommended for community placement.

## PANEL OPINIONS AND RECOMMENDATIONS:

It should be noted that the prediction of dangerousness is of limited accuracy at the time of formulation, and the accuracy of a prediction diminishes over time. In accordance with Title 18, U.S.C., Section 4243, the Risk Assessment Panel generated an opinion on whether Mr. Trimmer is presently suffering from a mental disease or defect as the result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. Factors not related to mental illness may contribute to the individual being at greater risk for violent, criminal, or nuisance behavior. Those factors have been addressed earlier in this report. In accordance with the statute, however, our prediction concerns the risk of violent behavior that results from mental illness.

The Risk Assessment Panel concluded that Mr. Trimmer presently manifest a major mental illness and is in need of continued inpatient psychiatric treatment. The panel also concluded that Mr. Trimmer poses a substantial risk to others or the property of

others due to his mental illness. Therefore, the panel recommended he continue to be hospitalized under Title 18, U.S.C., Section 4243.

_____
Randy Brandt, Ph.D.
Chief of Psychology
Chairperson

_____
Robert Sarrazin, M.D.
Chief of Psychiatry
Diplomate, American Board of Psychiatry
 and Neurology with Added Qualification
 in Forensic Psychiatry and Psychosomatic Medicine

REPORT PREPARED BY:

_____
Angie Conover, MSW, LCSW
Clinical Social Worker

_____
Vincen Barnes, Psy.D.
Staff Psychologist

**Sensitive But Unclassified**